# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SAUREZ ANDERSON, 414283,<br>       Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas Dept. Of Criminal<br>Justice, Correctional Institutions Division,<br>       RESPONDENT. | No. 3:08-CV-1300-P |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues Respondent has miscalculated his time credits.

On January 30, 1986, Petitioner pled guilty to murder and was sentenced to thirty-five years confinement. *State of Texas v. Suarez Anderson*, No. F85-90193-PU (291st Dist. Ct., Dallas County, Tex., Jan. 30. 1986). Petitioner is also incarcerated on a second conviction for aggravated assault on a correctional officer. *State of Texas v. Suarez Anderson*, No. 19,892 (3rd Dist. Ct., Anderson County, Tex., Oct. 28, 1988). Petitioner was sentenced to five years confinement to run consecutively to his murder conviction. The murder conviction is eligible for mandatory supervised release, while the aggravated assault conviction is not. *See* TEX. CODE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -1-

CRIM. PROC. Art. 42.18 § 8(c)(1) (West 1985); Art. 42.12 § 3g and TEX. CODE CRIM. PROC. Art. 42.18 § 8(c)(1) (West 1988).

On February 27, 2007, Petitioner filed a time dispute resolution ("TDR") form challenging an alleged error in TDCJ's calculation of his sentence. On March 12, 2007, and September 21, 2007, Petitioner filed two more TDRs challenging the alleged sentence error. On October 6, 2007, TDCJ determined there was no error in Petitioner's sentence credits.

On November 8, 2007, Petitioner filed a state habeas petition challenging his sentence credits. *Ex parte Anderson*, No. 16,700-08. On January 30, 2008, the Court of Criminal Appeals denied the petition without written order.

On July 25, 2008, Petitioner filed the instant § 2254 petition. He argues:

1. TDCJ has improperly determined his release date;

2. TDCJ has improperly reported his time credits.

## II. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.    Release Date**

Petitioner argues that he was released from his thirty-five year sentence on October 21, 2006, because as of that date his time served, plus his time credits equaled thirty-five years.[1] He states he then began serving his five year sentence. He claims that one he was released from his thirty-five year sentence, any loss of good-time credits could not have extended his sentence past October 21, 2011, which was the alleged expiration of his thirty-five year sentence plus five years.

The records show, however, that Petitioner has not been released from his thirty-five year sentence. At the time Petitioner committed the aggravated assault, Texas law held that any offense committed while the defendant was incarcerated would be served consecutive to the initial holding conviction. *See* TEX. CODE CRIM. PROC. Ann. art. 42.08(b) (West 1988).

---

[1]Respondent argues this claim is time-barred because Petitioner filed it more than one year after the Texas Court of Criminal Appeals held in *Ex parte Cowan*, 171 S.W.3d 890, 893 (Tex. Crim. App. 2005), that mandatory supervision eligibility does not cause a sentence to cease to operate. Respondent, however, has failed to show that this case law was available to Petitioner in his facility within the limitations period.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -3-

Additionally, at the time Petitioner committed his murder offense, a term of imprisonment for consecutive sentences meant that the sentences would be aggregated to a single total. *See* TEX. CIV. STAT. Ann. art. 6181-1 § 1(4) (West 1985). Consequently, because Petitioner's sentences are aggregated, he has not been released from his thirty-five year sentence. Therefore, any loss of time credits after October 21, 2006, continues to effect Petitioner's sentence. Petitioner has failed to show Respondent has erred in calculating his release date

**2.    Lost Good-Time**

Petitioner argues TDCJ improperly found that he lost 126 days of good-time since February 7, 2007, due to changes in his good-time earning rate. He also claims that TDCJ has improperly found that he lost a total of 1,724 days of good-time instead of 1,688 days of good-time credits.[2] Petitioner, however, has failed to show that based on an aggregate sentence, his loss of any good-time or other time credits was in error. Petitioner's claims should be denied.

**3.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

---

[2]Respondent argues these claims are partially unexhausted. A federal court, however, may address unexhausted claims on the merits and deny such claims. *See* 28 U.S.C. § 2254(b)(2).

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 23rd day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).